IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICHOLLE WILLIFORD,

   **Plaintiff,**

v.                                     No. 3:16-cv-00071-DRH-SCW

FIFTH SEASON RESIDENTIAL, LLC,

   **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Fifth Season Residential, LLC's, ("Fifth Season") motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Doc. 17). Fifth Season argues that former employee-plaintiff Nicholle Williford ("Williford"), failed to satisfy elements of a *prima facie* case of "reverse" racial discrimination (*Id.*). Williford opposes (Doc. 22). Based on the following, the Court **GRANTS** Fifth Season's motion for summary judgment.

## I. BACKGROUND

In January 2016,[1] Williford filed suit against Fifth Season for wrongful termination influenced by racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. (Doc. 1). Williford—a white Certified Nursing Assistant ("CNA") Supervisor—stated she was terminated after an

---

[1] Williford exhausted administrative remedies and received a Notice of Right to Sue, EEOC Form 161-B, under EEOC Charge No. 560-2015-01972, from the U.S. Equal Employment Opportunity Commission, St. Louis District Office, signed and dated October 29, 2015 (Doc. 1-2).

African-American co-worker complained to management about being harassed (by Williford) (*Id*. at 2). More specifically, Williford alleged Fifth Season co-owner Robert Bradley ("Bradley") fired her because the company "could not take the risk that an African-American employee would file an EEOC complaint" based on harassment by a white supervisor (*Id*.). Further, she contended Bradley knew allegations were false because, inter alia, prior to termination, neither a formal nor ad hoc incident investigation took place (*Id*. at 2-3).

Williford insists her termination was based solely upon the fact the complaining employee is African-American; and moreover, believes she would have not been fired if the employee was white or if she were African-American (*Id*. at 3-4). As a result, she alleged Fifth Season is in violation of Title VII by upholding an employment policy and practice that discriminates in favor of African-American employees over white employees (*Id*.).

In defense, Fifth Season argues Williford failed to satisfy at least two of four prongs required to establish a *prima facie* case of "reverse" racial discrimination as stipulated by *Formella v. Brennan*, 817 F.3d 503 (7th Cir. 2016). Namely, (1) failure to specify circumstances that infer a reason to invidiously discriminate against whites; and, (2) failure to proffer evidence that demonstrates being treated less favorably than other non-white CNA Supervisors. Thus, Fifth Season avers no genuine dispute as to any material fact and proclaims entitlement to judgment as a matter of law (Doc. 17).

## II. STANDARD OF REVIEW

Summary judgment is warranted when the movant shows no genuine dispute as to any material fact, and is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in its favor, if the movant cannot "establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of material fact exists only if the resolution of the factual issue might affect the outcome of the suit under governing substantive law. *Eckles v. Consol. Rail Corp.*, 94 F.3d 1041, 1045 (7th Cir. 1996).

## III. ANALYSIS

Fifth Season argues Williford is unable to survive summary judgment. To prevail on a racial discrimination claim under Title VII, Williford must prove an impermissible consideration of race was the root cause of her termination. *See Cowan v. Glenbrook Sec. Servs., Inc.*, 123 F.3d 438, 443 (7th Cir. 1997). On the other hand, Williford can preclude summary judgment by "presenting either direct or indirect evidence showing discriminatory intent by the defendant or its

agents."[2] *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005) (citing *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001)). In other words, *Williford must offer evidence that would permit a reasonable jury to believe she would have not been fired if she were not white,* under the exact same circumstances. *See Lane v. Riverview Hosp.*, 835 F.3d 691, 695 (7th Cir. 2016) (emphasis added).

Therefore, the indirect proof burden-shifting method articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973), which was later modified for reverse racial discrimination cases under *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 457 (7th Cir. 1999) is not triggered unless the Court determines Williford cannot provide *direct evidence of racial discrimination*—and must rely exclusively on indirect evidence to establish her case. *See Formella*, 817 F.3d at 511.

### A. Direct Evidence of Discriminatory Intent

A proffer of direct evidence requires Williford to speak directly to the issue of discriminatory intent, while also pointing to a specific employment decision in question. *See Randle v. LaSalle Telecomms.*, 876 F.2d 563, 569 (7th Cir. 1989). Evidence which, in and of itself, indicates Fifth Season was motivated by racial bias against whites equals direct proof of discrimination. *See Venters v. City of Delphi*, 123 F.3d 956, 972-73 (7th Cir. 1997) ("[t]he most obvious and compelling example would be a remark to the effect that . . . 'I'm firing you because you're

---

[2] *See also Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (explaining direct and indirect evidence are not treated differently; relevant evidence is evidence regardless of label).

[white]'"). However, *"inappropriate but isolated comments that amount to no more than 'stray remarks' in the workplace will not do." Id.* at 973 (emphasis added) (citing *Randle*, 876 F.2d at 569 (7th Cir. 1989)); *see also Cowan*, 123 F.3d at 444 ("stray remarks in the work place, while perhaps probative of [racial discrimination], . . . cannot justify requiring the employer to prove that its hiring or firing or promotion decisions were based on legitimate criteria").

After careful review of all proffered evidence, the Court finds no direct evidence of discriminatory intent. Williford's testimony stating Bradley advised her "he cannot let this go to the EEOC as a racial discrimination case" is light-years from what is required to constitute direct evidence of discriminatory intent. *See Simpson v. Beaver Dam Cmty Hosp., Inc.*, 780 F.3d 784, 791 (7th Cir. 2015); *see also Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1044 (7th Cir. 1999) (concluding employer's remarks must at least reflect illegal motivation for action). Fifth Season's comments in question were not animated by racial discrimination, nor did its employment action have a propensity to evaluate employees on the basis of race. *See Simpson*, 780 F.3d at 791.

In fact, if a credible argument was to be made regarding direct evidence of discriminatory intent, it would point towards Williford's acts of bullying and harassment towards her minority subordinates, *see, e.g.*, *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719-20 (7th Cir. 2005), i.e. continuing to set "traps" by covertly planting trash, makeup smudges, and lotion in the bathrooms assigned to an African-American employee in order to sabotage then later inspect if

bathrooms were thoroughly being cleaned—after being warned not to do so; continuing to write disparaging remarks in reference to an African-American's quality of work in an employee-accessible "communication book"—after being warned not to do so; pulling early and inspecting time sheets of an African-American employee before she could document worked hours, then later accusing the employee of not working correct hours, etc. *See e.g.*, *Troupe v. May Dep. Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (explaining suspicious timing, oral or written ambiguous statements, and behavior or comments directed at other employees in protected group are evidence of intentional discrimination). Luckily for Williford she is plaintiff in this action, and not the defendant.

### B. Indirect Evidence of Discriminatory Intent

In light of lack of evidence supporting direct discriminatory intent, *see Randle*, 876 F.2d at 570 ("stray remarks" do not constitute direct evidence of discrimination), the Court shifts it's analysis to the modified-*McDonnell Douglas* standard for reverse racial discrimination claims. *See Formella*, 817 F.3d at 511; *see also Mills*, 817 F.3d 457.

To survive summary judgment, Williford must show: (1) existing background circumstances which infer Fifth Season had reason or an inclination to discriminate invidiously against whites, or provide evidence "that there is something 'fishy' about the facts at hand"; (2) she was meeting Fifth Season's legitimate performance expectations; (3) she suffered an adverse employment action; and, (4) she was treated less favorably than similarly situated individuals who were not white. *Formella*, 817 F.3d at 511.

Fifth Season maintains Williford cannot satisfy prong 1—pointing to background circumstances which indicate a reason or inclination to discriminate against whites, or show something is "fishy" about the facts; or, prong 4—showing she was treated less favorably than similarly situated non-white Supervisor CNA's. The Court agrees.

With regard to prong 1, Willford failed to present any evidence regarding background circumstances showing Fifth Season had a reason to discriminate against whites, or exposure to anything "fishy" about the facts of her case.[3] *See Formella*, 817 F.3d at 512. With regard to prong 4, Williford failed to identify similarly situated non-white employees for comparison purposes. *See id*. ("[s]imliarly situated employees must be directly comparable to [Williford] in all material respects"). As a result, Williford has not carried her burden. *See id.* at 514.

## IV. CONCLUSION

Nothing in the record supports evidence of discriminatory intent on behalf of Fifth Season; and because Williford failed to establish a *prima facie* case of reverse racial discrimination, summary judgment in favor of Fifth Season is appropriate. The proffered evidence and deposition testimony demonstrate Fifth Season's strong response to Williford's troublesome conduct, and their belief

---

[3] Future arguments regarding background circumstances showing Fifth Season's reason to discriminate against whites or anything "fishy" about the facts of the case are waived for purposes of appeal, because Williford failed to present a plausible argument in opposition. S*ee Hall v. Jaeho Jung*, 819 F.3d 378, 382 (7th Cir. 2016) (arguments presented on the first time on appeal are waived),

that—after being warned about harassing subordinates—she should be terminated. *See Hanners v. Trent*, 674 F.3d 683, 696 (7th Cir. 2012).

Based on the foregoing, the Court **GRANTS** summary judgment in favor of defendant Fifth Season, and against plaintiff Nicholle Williford, pursuant to Fed. R. Civ. P. 56.

**IT IS SO ORDERED.**
Signed this 27th day of March, 2017.

Digitally signed by
Judge David R.
Herndon
Date: 2017.03.27
16:18:04 -05'00'

**UNITED STATES DISTRICT JUDGE**